### JAMES FORBES v. THE STATE.

#### *No. 557. Decided February 20, 1895.*

1. **Jurisdiction—Certificate of Transfer of Cases from the District to the County Court.**

Where the transcript from the District Court contains the general order of the court certifying certain causes to the County Court, this is sufficient to confer jurisdiction upon the court below, without making out and certifying the order in each case separately.

2. **Disorderly House—Evidence.**

On a trial for keeping a disorderly house, evidence of the reputation of the house and its inmates is clearly admissible; and was also admissible as tending to bring notice to the owner that his house was being kept for purposes of prostitution.

**3. Same—Notice to Owner of House.**

That lewd women, reputed prostitutes and women of low character, visited the house with men, was legitimate evidence to show that defendant, who resided in the adjoining building, only separated by a space of six inches between the walls, had notice of the purposes for which his house was being used.

**4. Reading Law to the Jury.**

The reading of law to the jury by counsel, is within the discretion of the court, and his ruling in the matter will not be disturbed unless the discretion had been abused to the injury of the accused.

**5. Charge of the Court.**

On a trial for keeping a disorderly house, where the court instructed the jury, "it is not necessary for the State to prove particular acts of prostitution to have occurred in the house, in order to establish the allegations that such house was disorderly at the time and place charged in the indictment. While such proof is competent, it is also competent for the purpose of sustaining such allegation to prove the general reputation of the house and its inmates." Held: A charge upon the weight of evidence.

APPEAL from the County Court of Nueces. Tried below before Hon. W. B. HOPKINS, County Judge.

This appeal is from a conviction for knowingly permitting the keeping of a disorderly house owned and controlled by defendant, the punishment assessed being a fine of $200.

The order of the District Court and certificate of the clerk transferring this case to the County Court, was as follows:

"THE STATE OF TEXAS, }
    COUNTY OF NUECES.    }   At a term of the District Court, begun
                                   and holden within and for the County of
Nueces, at Corpus Christi, on the 7th day of April, 1893, and which adjourned on the 20th day of May, 1893, the Hon. J. C. Russell, judge thereof, presiding, were had. On this 17th day of April, 1893, came into open court, in a body, the grand jury, a quorum thereof being present, and through their foreman, delivered to the judge of this court the following indictments: Nos. 2335 to 2350, both inclusive, and 2317, 2318 and 2319, which was thereupon ordered by the court to be filed.

"Whereas, this 3rd day of May, 1893, it appearing to the court, from an inspection of the indictment that this court has not jurisdiction of these cases, the same being misdemeanors, and that the County Court of Nueces County, Texas, has jurisdiction of the same, it is ordered that the said cases above be and the same transferred to said County Court of Nueces County.

"I, P. McDonough, clerk of the District Court of Nueces County, Texas, do certify that the foregoing contains a true copy of all the proceedings taken in the said District Court—in the criminal cases of the State of Texas v. Nos. 2335 to 2350, both inclusive, and 2317, 2318 and 2319.

"Witness my hand and seal of office at Corpus Christi, this 22nd of May, 1893.            P. McDONOUGH, Clerk D. C. N. C."

Endorsed on the outside of said instrument were the following words and figures, viz:

"Nos. 2335 to 2350, inclusive, the State of Texas v. Forbes, Blain, Blain, Blain, Grande, Grande, Dreyer, Acebo, Cisnero, Blain, Grande, Wade, Johnson, Grande, Cisneros.—Transcript to lower court, issued 22nd day of May, 1893, P. McDonough, Clerk District Court Nueces County.—See Transcript, page 1st. Filed 29th day of May, 1893, P. McDonough, Clerk, C. C. Nueces County."

Defendant pleaded to the jurisdiction of the County Court as follows:

"The State of Texas v. James Forbes, No. 249. And now comes the defendant in the above numbered and entitled cause and pleads to the jurisdiction of this court, and says that this court has no jurisdiction to try this case, because it affirmatively appears that the indictment herein was returned into the District Court of Nueces County, Texas, and there is no transcript or proper transcript of an order of the District Court transferring said cause in this case, and nothing herein to show how said District Court was divested of its jurisdiction and the same vested in this court."

This plea to the jurisdiction was overruled.

A further statement of the case is unnecessary.

*Marshall Rogers*, for appellant, filed an able and interesting brief.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of keeping a disorderly house, being the owner thereof, his punishment being assessed at a fine of $200. The plea to the jurisdiction was not well taken. The transcript from the District Court contains the general order of that court certifying certain causes to the County Court, the indictment herein being included. We think this a sufficient compliance with the statute, without making out and certifying this order in each and every case separately.

2. The evidence of reputation of the house and its inmates was clearly admissible in this character of case. These were facts tending to bring notice to appellant that his house was being kept as a house of prostitution.

3. So it was also permissible to show that lewd women, reputed prostitutes and women of "low character," visited this house with men. The house was that adjoining that occupied by appellant, there being only a space of six inches between the walls of the two houses.

4. It was clearly provable that the two houses occupied the close proximity to each other testified by the witnesses. This was a pertinent fact, tending strongly to show that appellant knew his house was being kept as charged.

5. The reading of law to the jury by counsel is largely addressed to the discretion of the court, and his ruling will not be disturbed unless the discretion has been abused to the injury of the accused. The authorities are clear upon this question. No injury is shown in this case in this respect.

6. The court charged the jury: "You are further instructed that it is not necessary for the State to prove particular acts of prostitution as having occurred in the house, in order to establish the allegation that such house was disorderly at the time and place charged in the indictment. While such proof is competent, it is also competent, for the purpose of sustaining such allegation, to prove the general reputation of the house and its inmates." This was excepted to at the time, and proper bill reserved. While the charge is substantially correct in stating the rule pertaining to the sufficiency of evidence, we think it is obnoxious to the criticism that is upon the weight of the evidence. A charge should clearly present the law, avoiding commenting upon the evidence. If appellant knew his house was being kept as a house of prostitution, he would be guilty of permitting it to be so kept. It would be immaterial how he gained this information, or from what source it came, and this fact could be established by any legitimate evidence. But this would not justify the court in charging upon the weight to be attached to these different characters of evidence, or in drawing a comparison between them. A court is not permitted, under our statute, to discuss the force and effect of testimony, or the weight to be attached to this or that character of evidence, unless expressly authorized by the statute, as in perjury cases, or when accomplice's evidence is resorted to in the trial. For this error the judgment is reversed, and the cause remanded.

*Reversed and remanded.*