### O. H. JACOBS v. THE STATE.

*No. 862.   Decided May 26th, 1896.*

**1.  Reading Law to the Jury.**

The extent to which attorneys will be permitted to read law to the jury is largely within the discretion of the trial judge, and his ruling in the matter will not be revised unless probable injury is shown.

**2.  Same—Assault with Intent to Murder—Charge.**

On a trial for assault with intent to murder, where the District Attorney read to the jury Art. 588 [485], Penal Code, as follows, viz.: "When an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention." Held: It cannot be perceived how this was a covert attack upon defendant's failure to testify; and, if reading the statutes was wrong, it could not have injured defendant when, as was done, it was controlled by the charge of the court, which informed the jury that they must receive the law from the charge given them by the court and be governed thereby; and, further instructed them not to convict unless the State had shown, beyond a reasonable doubt, that the assault had been committed with malice aforethought with intent to kill the assaulted party by the means alleged in the indictment.

APPEAL from the District Court of Bexar. Tried below before Hon. ROBERT B. GREEN.

Appeal from a conviction for assault with intent to murder; penalty, two years' imprisonment in the penitentiary.

The indictment charged appellant with assault to murder one J. J.

Wallace. Appellant and Wallace had been partners in mining operations in California. They came on burros, across the country, and camped in the neighborhood of San Antonio. They came into the city, and indulged in liquid beverages until after dark, when they concluded to go to camp. They disputed about the direction to camp, and Wallace asked a policeman, whose directions agreed with what Wallace had contended for. This greatly angered the defendant, and they separated. When Wallace reached camp, defendant was there and resumed the quarrel. As Wallace turned to his cot to retire, defendant shot him in the shoulder with a breech-loading, single-barrel shotgun. Wallace was badly hurt. According to the physician who attended him, after he was taken to the hospital, he removed a number of bones from his shoulder, and stated that Wallace would be a cripple for life, and, that in his opinion, the gun with which he was shot was a deadly weapon. The grounds upon which a reversal was sought, are fully stated in the opinion.

*Cox & Haltom,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and allotted a term of two years in the penitentiary. Being dissatisfied with rulings of the trial court, he prosecutes this appeal. By bill of exceptions it is shown that the State's attorney, in his closing address to the jury, said: "The law is, when the State proves that the injury is inflicted, it devolves upon the defendant to show that it was an accident, or that the injury was unintentional." The defendant objected, on the ground that the District Attorney was quoting a statute not applicable to the offense charged against the defendant. The court stated to counsel "that the jury will receive the law from the court." The District Attorney continued his argument, and said: "Gentlemen of the jury, I quote to you the law as it is in the statute, and if it is not the law of this case it ought to be, being from the statute of the State. It is Art. 485, Penal Code, and is as follows: 'When an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention.'" To this the appellant objected, "because it was a covert attack upon the defendant having not testified in his own behalf, and because it misstated the law of the case, and was calculated to and did have an improper influence upon the jury as against the defendant." The court qualified this bill by stating "that the defendant's counsel had taken the position, and had argued, that it was the duty of the State to prove that the shooting was with intent to kill, and must prove that it was not an accidental shot, and the District Attorney's remarks, above complained of, are in reply to what defendant's counsel had stated to be a part of the law of the case." The

court charged the jury "you are bound to receive the law from the court, which is herein given you, and be governed thereby." And, further, in the charge of the court, the jury were informed that the State must prove, beyond a reasonable doubt, before they could convict the defendant, that the assault was committed with malice aforethought, and with the intent to kill and murder the assaulted party by the means charged in the indictment; otherwise, they should acquit. While this is not the exact language, this is the substance of the charge given on that phase of the case. The extent to which attorneys may be permitted to read law to the jury is largely within the discretion of the trial judge, and his ruling in regard to this matter will not be revised unless probable injury occurred. If the reading of the statute with reference to the presumption with intent to injure was wrong, it was controlled by the charge of the court, wherein he informed the jury that they must receive the law from the charge given them by the court, and be governed thereby; and, looking to the statement of facts, the punishment was, to say the least of it, not excessive. We are unable to see how the comments of the District Attorney, or the reading of the statute complained of, could have been a covert attack on the failure of the defendant to testify in his case. It had no reference to whether he did or did not testify. It was simply the statement of the statute, and had no reference whatever, as we understand this record, to the defendant's failure to testify. As the record is presented to us, there is no error requiring the reversal of the judgment in this case, and it is therefore affirmed.

*Affirmed.*