### SONNIE CLEMMONS v. THE STATE.

No. 1528. Decided May 18, 1898.

**1.   Theft From the Person—What Constitutes.**

In theft from the person it is not necessary that the property be carried away; the law only requires that it be taken, and if taken so suddenly as not to allow time for resistance, and reduced to possession, the offense is complete. The offense is complete where the money is fraudulently snatched suddenly from the hands of the owner and before he has time to make a resistance, though he may have seen the perpetrator and have known of his act at the time it was committed.

**2.   Same—Taking Publicly—Private Taking.**

Theft from the person can be committed by fraudulently snatching money from the owner's possession in a public place without his consent, and so suddenly as not to allow time for resistance. The statute requiring that the property should be pri-vately taken has reference to the manner of taking from the person, and not to the place where taken.

**3.   Same—Asportation Not Necessary.**

The third subdivision of article 880, Penal Code, provides, that "It is only neces-sary that the property stolen should have gone into the possession of the thief; it need not be carried away in order to accomplish the offense." Held, it is not neces-sary that the taker should carry the property from the presence of the owner, pro-vided it has been reduced to complete possession by the taker with intent to deprive the owner of its value.

**4.   Defendant as a Witness—Cross-Examination.**

For the purpose of attacking the credibility of a defendant witness, he may be asked on cross-examination if he has not been convicted of a felony, and whether he has been pardoned or not.

**5.   Same—Remarks of Judge—Bill of Exceptions.**

Where the defendant, on cross-examination, was asked if he had not been in the penitentiary, and the court sustained defendant's objection to the question, and re-marked that the district attorney might go into the matter, but if he did so it would be at his peril; Held, it could not be perceived how defendant was prejudiced. The court, on appeal, can not supply objections not stated in a bill of exceptions.

**6.   Theft From the Person—Evidence Sufficient.**

See opinion for facts stated which the court hold sufficient to support a convic-tion for theft from person.

APPEAL from the District Court of Smith.   Tried below before Hon.
J. G. RUSSELL.

Appeal from a conviction for theft from the person; penalty, four
years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*B. B. Beaird,* for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the
State.

DAVIDSON, JUDGE.—Appellant was convicted of theft from the person, and his punishment assessed at confinement in the penitentiary for
a term of four years; hence this appeal.

The evidence discloses that at Wes Larkin's barbershop, in the town of
Tyler, Lampkin, the prosecutor (Sanders), George Francis, and Amos
Ewing were in conversation when the defendant walked up.   Sanders, the
alleged owner, remarked that he was going to Dallas, and defendant said,
"You have got no money; you will have a long walk," or something to
that effect.   Sanders drew from his pocket $25, consisting of two $10 bills
and one $5 bill, and displayed it, with the remark that "a man don't walk
when he's got stuff like this."   Defendant immediately snatched the
money from the hand of the owner, and so quickly and suddenly as not to
allow Sanders an opportunity to prevent him from doing so.   Defendant
backed away a step or two, Sanders demanding his money.   Defendant
handed him one $10 bill, and, after being urged to return the balance,
handed Sanders the $5 bill; retaining the other $10 bill, and denying having it, asserting that he had only 20 cents, and displaying the 20 cents.
He left, and went into a house near by, being followed by the crowd; and
Sanders again demanded the money.   Appellant again denied having the
money, and continued denying it until the officer arrived and searched
him, and took the $10 bill from him, and returned it to the owner.

The court charged the jury appropriately with reference to taking the
money so suddenly as not to allow time for resistance.   The defendant,
however, asked a charge to the effect that, if the defendant did take the
money so suddenly as not to allow time to make resistance before the
property was carried away, they should find the defendant not guilty,
even though it was fraudulently taken, provided the money was taken
with the knowledge of Sanders at the time it was taken, and further, in
the same connection, that the law did not define what would be time
sufficient for such resistance, but it was a matter of fact, to be determined by the facts detailed in evidence.   The court very properly refused to give this charge.   It is not necessary that the property be carried away; the law only provides that it shall be taken; and if taken so
suddenly as not to allow time for resistance, and reduced to possession,
the offense is complete, so far as this phase of the case is concerned.   The
resistance spoken of in the statute refers to the time preceding the re-

duction to possession by the taker, and not subsequent to such reduction. It would be difficult to imagine a more sudden taking than that disclosed by the evidence in this case. The owner was holding the money in his hand, and the defendant jerked it from his hand. How there could have been any time for resistance, under this state of facts, we are unable to comprehend. The charge asked was not the law of this case.

The court charged the jury that it is not sufficient for the State to show that defendant stole the money, but the evidence must establish, beyond a reasonable doubt, that the defendant privately stole said money from the person and possession of B. M. Sanders, without his consent, and so suddenly as not to allow the said B. M. Sanders to make resistance before the defendant carried said property from the person and possession of Sanders; otherwise to acquit. This charge was objected to because it is a suggestion to the jury that there was evidence authorizing the jury to believe that the offense was committed privately, when in fact there is evidence to show that it was not privately done; that it was publicly taken. The theory of this objection seems to be that if money is snatched from the person of the owner, in a public place, the offense of privately stealing from the person could not be sustained. This view would be a direct subversion of the statute. The statute has reference to the manner of taking from the person, and not the place where taken.

Appellant also objects to the court's definition of "carrying away," wherein he instructed the jury that he did not mean that the taker should carry the property from the presence of the owner, but if the jury believe that the money was reduced to complete possession, with intent to deprive the owner of its value, then the law would deem it to have been carried away. Subdivision 3, article 880, Penal Code, is in the following language: "It is only necessary that the property stolen should have gone into the possession of the thief; it need not be carried away in order to accomplish the offense." The court's charge was sufficient, under this subdivision of the statute.

Appellant took the stand in his own behalf, and testified, on the trial. On cross-examination the district attorney asked him the following question: "Sonnie, haven't you once before been convicted and sent to the penitentiary?" Appellant objected. The district attorney then changed the form of his question: "Sonnie, haven't you been in the penitentiary?" Appellant objected, without stating any grounds. The court sustained the objection, however, and in doing so remarked, "Mr. Smith, if you desire to go into that, you can do so; but I give you notice now that, if you go into it, you will do so at your own peril." Mr. Smith, the district attorney, replied, "Well, sir, I will not, then, insist upon it." This ended the incident. The bill recites that the defendant at the time excepted to the questions and remarks of the district attorney and of the court. The court qualifies the bill by stating that he sustained the objection of the defendant to the question, and instructed the jury to disregard the question, and the entire incident connected with it. It is not the province of this court to supply a defect in the bill of exception, nor supply grounds

of objection. But we are at a loss to know upon what theory the objection would be based. Appellant, although he may have been in the penitentiary, and unpardoned, has a right to testify in his own behalf. This is well settled. For the purpose of impeaching his testimony or attacking his credibility, the fact can be elicited from the defendant himself, on cross-examination, that he has been convicted of a felony; and this, whether he had been pardoned or not. The defendant could not be debarred the privilege of testifying in his own behalf, although he was an unpardoned convict, even had the record of his conviction and sentence been produced. But it is evident from the bill of exceptions that the State was not seeking to render him incompetent to testify, but the question was directed to his credibility. The bill does not show that the witness answered, or what his answer would have been. It might have been in the negative. The remark of the court was not a comment upon the testimony, nor did it intimate any view the court may have had upon any testimony in the case.

The contention of appellant that the evidence is insufficient is without merit. That he snatched the money from the hands of the owner so suddenly as not to allow time for resistance is amply sustained by the record. He claims to have gotten $27.50 the same morning from his mother, with which to pay a fine assessed against him in an adjoining county. Concede this to be true; still that would not justify him in taking the money from Sanders. The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.

[NOTE.—Appellant's motion for a rehearing was overruled without a written opinion.—Reporter.]