## JOE MITCHELL v. THE STATE.

### No. 2672. Decided April 27, 1904.

**1.—Transcript from District to County Court.**

Where the transfer is "State of Texas v. Joe Mitchell, 2861; offense, unlawful carrying a pistol," it is sufficient.

**2.—Same—Signature—Certificate.**

Where one name appears in the body of the certificate, certifying to the order of transfer, as the clerk of the court, while the certificate was given under the hand and seal of the clerk of the court in another name, the certificate will control and shows it was made by the proper officer.

**3.—Continuance—General Statements Insufficient.**

Where statements as to the materiality of the testimony are too general, the application for a continuance should be denied.

Appeal from the County Court of Alvarado.  Tried below before Hon. J. J. Mans.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $25.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of carrying a pistol, and his punishment assessed at a fine of $25; hence this appeal.

Appellant insists that the order transferring the indictment from the district to the county court is defective, in that it does not sufficiently identify the case transferred. The entry is "State of Texas vs. Joe Mitchell, 2861, offense, unlawfully carrying a pistol." The entry shows that the same was returned into the District Court of Colorado County, and that the same was transferred. This is a sufficient identification of the number of the case. Forbes v. State, 35 Texas Crim. Rep., 24; Dittfurth v. State, just decided. It is further objected that in the body of the order transferring said cause, Lee C. Ayres appears as clerk of the district court, whereas the certificate as given under the hand and seal of the court is by Chas. E. Sronce. The claim is that there is a variance between the name in the body of the certificate and the officer signing the same. We hold that the certificate will control. There is no statute requiring the clerk's name to appear in the body of the order. The law does require that the clerk certify; and we take it that his certificate is correct, and made by the proper officer, notwithstanding the recitation of the name of some one else in the face of the order.

Appellant also assigns as error the action of the court overruling his motion for continuance. We do not believe the diligence shown is sufficient; but if diligence be conceded, we do not believe the testimony of the absent witness is shown to be material. The statements in the application are entirely too general. By one witness it is stated that he was

with him the whole day he was charged with carrying the pistol, and he had no pistol. By another witness, that he was with him a part of the day and he had no pistol. These statements are not sufficiently definite. They do not show whether they had an opportunity to observe appellant and to be able to testify that at the time he was charged with having on his person a pistol he did not have such pistol, or that they were present at the particular time of day when appellant, as shown by the State, was found to have a pistol. There being no error in the record, the judgment is affirmed.

*Affirmed.*