## JIM DAY v. THE STATE.

### No. 1226.　Decided May 31, 1911.

**1.—Disturbing the Peace—Verdict—Bill of Exceptions.**

There was no error in the court's refusal to receive an improper verdict, and requiring the jury to return a verdict in accordance with the charge of the court; besides the bill of exceptions did not state the ground of objections.

**2.—Same—Charge of Court.**

Where the defendant was acquitted of assault there was no error in the court's failure to charge thereon, the indictment alleging three counts, one for assault, another for disturbing the public peace, and another for abusive lan-guage.

**3.—Same—Indictment—Different Counts—Election by State.**

Where the indictment charged three different counts, one for disturbing the peace, another for assault and a third for abusive language, and the court instructed the jury that the defendant could be found guilty only on one count, there was no error in refusing to quash the indictment or requiring the State to elect.

**4.—Same—Evidence—Codefendant—Severance.**

Upon trial of disturbing the public peace, etc., there was no error in re-fusing to permit a codefendant to testify for the defendant; and the conten-

tion that the codefendant was indicted to prevent him from testifying was untenable, as the defendant could have asked a severance.

**5.—Same—Bills of Exception.**

Where no bills of exception were reserved to the matters complained of, they could not be considered on appeal.

**6.—Same—Verdict—Bad Spelling.**

A verdict which left out the letter "l" in the word "guilty" was nevertheless sufficient to support the judgment.

**7.—Same—Charge of Court—Misdemeanor—Practice on Appeal.**

In misdemeanor cases where no exceptions are reserved to the charge of the court, the matter can not be considered on appeal.

Appeal from the County Court of Denton. Tried below before the Hon. Lee Zumwalt.

Appeal from a conviction of disturbing the peace; penalty, a fine of $100.

The indictment charged the defendant with disturbing the inhabitants in a private house of one Kemp by wilfully using loud and vociferous language, cursing and yelling, etc. Another count charged the defendant with making an assault on said Kemp, and still another count for using violent and abusive language concerning said Kemp, calculated to provoke a breach of the peace. The testimony showed that the defendant went to said Kemp's house and there raised a disturbance in the presence of said Kemp's family, and cursed and abused the said Kemp, and with another assaulted him.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, and *Chas. Mays,* County Attorney, and *H. R. Wilson,* Assistant County Attorney, for the State. —On the question of election by the State: Roseboro v. State, 106 S. W. Rep., 134; Hall v. State, 32 Texas Crim. Rep., 474; Alexander v. State, 27 Texas Crim. App., 533.

HARPER, Judge.—In this case appellant was indicted by the grand jury of Denton County, the indictment containing three counts, all growing out of the same transaction.

The court submitted the case to the jury on all three counts, and the jury returned a verdict finding defendant guilty on all three counts, and assessing a fine for each violation of the law alleged. The judge refused to receive the verdict, and instructed the jury to return to their room, and instructed that they, under the indictment, could only find defendant guilty on one count in the indictment and charge, and if they found defendant guilty to designate under which count they based their verdict. Whereupon the jury retired, and afterwards returned into court a verdict finding the defendant guilty of disturbing the peace, and assessing his punishment at a fine of $100, this

lacking five dollars of being equal to the amount they had assessed against defendant on all three counts. To all of which defendant objected and reserved a bill of exceptions, but in it states no ground of objection. This court holds that where bills of exception fail to state the grounds or reasons for the exceptions urged, they are too indefinite to be considered. Sims v. State, 30 Texas Crim. Rep., 605; Clemons v. State, 39 Texas Crim. Rep., 279. But were we to consider the bill, there was no error in the court refusing to receive an improper verdict, and requiring them to return a verdict in accordance with the charge of the court. Roseboro v. State, 106 S. W. Rep., 134; Jones v. State, 7 Texas Crim. App., 103; articles 753 and·754 of the Code of Criminal Procedure, and authorities cited under these two articles in White's Annotated Procedure. Especially so in this case, as no injury is shown.

No error is presented in bill of exceptions complaining "that the court failed to instruct the jury what kind of verdict that should be returned as to assault in case the jury found he acted in self-defense," as he was acquitted of an assault.

There was no error in refusing to quash the indictment because of the three counts, nor in refusing to require the State to elect on which count it would rely for a conviction. Roseboro v. State, 106 S. W. Rep., 134; Hall v. State, 32 Texas Crim. Rep., 474; Alexander v. State, 27 Texas Crim. App., 533.

In bill No. 4 appellant complains of the action of the court in refusing to permit Wilson Ruth to testify in his behalf. By the bill it is shown that said witness is indicted for the same offense, and this presents no error. (Art. 771, Code of Criminal Procedure.) Appellant in the bill insists that the witness had complaint and information presented against him for the purpose of preventing him from testifying. Article 707 of the Procedure provides a means whereby appellant could have proceeded if this was the purpose of the State.

The matters complained of by appellant in the third, tenth, eleventh and fourteenth assignments of error can not be considered, in that no bills of exception were reserved to thise matters.

The verdict of the jury is sufficient on which to base a finding and judgment, even though one letter is left out in spelling the word "guilty." Attaway v. State, 31 Texas Crim. Rep., 475; McGee v. State, 39 Texas Crim. Rep., 190, 45 S. W. Rep., 709; Garza v. State, 47 S. W. Rep., 983.

No bills of exception were reserved to the charge of the court, and in a misdemeanor case, unless exceptions are reserved and presented in the record by bills, we can not consider the criticisms of the charge in the motion for a new trial. The judgment is affirmed.

*Affirmed.*