**TEXON AMUSEMENTS, Inc., et al. v.
STATE.**

No. 13303.

Court of Civil Appeals of Texas. Fort
Worth.

Jan. 17, 1936.

Marvin B. Simpson and Harris Brewster, both of Fort Worth, for appellants.

Will R. Parker, Herbert C. Wade, Cecil C. Rotsch, and Homer B. Green, all of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

The Texon Amusements, Inc., Tom Daly, and George Wilkinson, have appealed from a decree of the district court of Tarrant county permanently enjoining them from keeping and maintaining and permitting to be used a certain place known as the "Ringside Club," located on the Jacksboro highway approximately a mile and a half from the Tarrant county courthouse, for the purposes enumerated in article 4664, Rev.Civ.St., and condemned by that statute as a nuisance, unless those parties shall execute a bond in the sum of $2,500 as provided in article 4666. The decree was based on a verdict of the jury sustaining allegations in the state's petition for that relief.

The only complaint made here is of the rulings of the court in admitting testimony of three different witnesses that within their knowledge the general reputation of the Ringside Club is that it is a place where gambling is done; over timely objection of the defendants, that the testimony was hearsay; and further that the provision of article 4665, making admissible evidence of general reputation to prove the existence of the nuisance complained of by the state, is applicable only when the house where the nuisance is charged to exist is a "hotel, boarding house or rooming house." The only houses mentioned in article 4665 are "hotel, boarding house or rooming house," and the concluding sentence of that article reads: "Evidence of general reputation of said houses shall also be admissible to prove the existence of said nuisance."

Articles 4664 and 4665, Rev.St., appear in the compilation of the Revised Civil Statutes by the codifiers appointed by the Legislature, and the same was adopted by the Legislature in 1925. They are a codification of chapter 24, p. 57 of the Acts of the Second Called Session of the Legislature passed in the year 1923. That act was in three sections. Article 4664 in the Revised Statutes is exactly the same as the first section of the act. Article 4665 embodies all the provisions of section 2 of the act, and adds thereto the last sentence copied above. The third section of the act reads as follows: "In action brought under the provisions of this Act, evidence of the general reputation of said above houses shall be admissible for the purpose of proving the existence of said nuisance."

While the concluding sentence of article 4665 is not an exact copy of that section, we believe it may be presumed that it was the intention of the codifiers and of the Legislature in adopting the revision as a whole that it should have the same meaning. We believe that we may look to section 3 in construing article 4665 under the general rule that in construing statutes of doubtful meaning, amending former laws, courts may look to the old law, the mischief sought to be prevented, and the remedy therefor. And it is clear that under provisions of section 3 of the act, proof of the general reputation of all houses mentioned in article 4664 is admissible, which would include the Ringside Club, complained of in this case.

The state has cited Forbes v. State, 35 Tex.Cr.R. 24, 29 S.W. 784, and decisions of

872

other states in which it was held that proof of general reputation is admissible to show knowledge on the part of the defendant that his house was being used· for certain illicit purposes, in prosecutions for knowingly permitting such use. It is insisted that under those authorities proof of general reputation was admissible in this case under common-law rules applicable in criminal prosecutions independently of the statutes, since it was charged in plaintiff's petition, in the language of article 4664, that defendants "knowingly maintained and assisted in maintaining such nuisance."

However, it is not necessary for us to determine the merits of this contention in view of our conclusion that the testimony complained of was admissible under article 4665 of the statutes.

Accordingly, all assignments of error are overruled, and the judgment of the trial court is affirmed.