### JANICE DUCKETT V. STATE.

No. 25264. April 4, 1951.

J. M. Parker, Gorman, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted for the offense defined in Art. 514, P.C., in keeping and being concerned in keeping an assignation house, and the jury assessed a fine of $200 and a jail term of 20 days.

The evidence from the standpoint of the state showed that appellant owned the house and resided there; that the reputation of the house was that of being a house where men and women met by mutual appointment for the purpose of sexual intercourse; that several men and boys engaged in acts of sexual intercourse with appellant at such house on several occasions; that a single man stayed at said house and paid appellant $5 per day for his room and meals, but was required to absent himself when another man who was falsely represented by appellant to be her husband came there.

Such facts are sufficient to sustain the conviction. See Crowell v. State, 147 Tex. Cr. R. 299, 180 S.W. 2d 343.

Complaint is made regarding the verdict, it being contended that the verdict was signed and delivered to the trial judge finding the defendant guilty but omitting to fix the punishment; that thereafter, the trial court having declined to receive such verdict, the jury added to their verdict below the signatures of the jurors, the punishment of "a fine of $200 and 20 days in jail."

It is unnecessary for us to pass upon this complaint for the reason that under the court's charge and Art. 514, P.C., the punishment is definitely fixed in the event of conviction at a

fine of $200 and a jail term of 20 days. It was therefore not an issue for the jury, and the jury had no discretion in regard thereto after finding appellant guilty as charged. See Art. 693, C.C.P.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.