BETTY K. RICHARDSON TOLBERT V. STATE

No. 27,244. January 5, 1955
Rehearing Denied February 23, 1955

*Bernard A. Golding,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady,* Assistant District Attorney, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This a conviction under that section of Art. 514, Vernon's P. C., which makes it unlawful for any person to keep a bawdy house. The trial was to the court; the punishment, a fine of $200 and twenty days in jail.

The sole question presented for review is the sufficiency of the evidence to support the conviction.

Appellant was occupying and residing in, as a month-to-month tenant, the lower apartment of the two-story duplex situated at 3806 San Jacinto Street in the city of Houston. To all outward appearances, the house was operated as a massage parlor.

The offense was alleged in the information to have occurred on October 30, 1953.

A witness for the state testified that on the night of the date mentioned, he, knowing that the house bore the general reputation as a house of prostitution, went there for the purpose of engaging in an act of sexual intercourse with a prostitute. He did engage in the act and paid the prostitute therefor.

While the witness was yet in the house, officers arrived with a warrant of arrest for the appellant for operating a bawdy house. The officers arrested appellant, who, at the time, was in the living room of the house. Other women and men were in the house at the time.

Another witness testified that about six months prior to the above-mentioned date he went to the house for the purpose of and did engage in an act of sexual intercourse with a prostitute. Some time later, and a short time prior to the 30th day of October, 1953, witness again went to the house for the same purpose, which was not accomplished as he "got picked up" by the officers.

There was testimony from members of the morals division of the police department of the city of Houston that the house bore the general reputation of a house of prostitution.

The appellant did not testify as a witness in her own behalf, nor did she offer any affirmative defensive testimony.

The evidence is sufficient to support the conviction. As supporting that conclusion, see Crowell v. State, 147 Texas Cr. R.

299, 180 S.W. 2d 343, and Duckett v. State, 155 Texas Cr. R. 588, 238 S.W. 2d 542.

The judgment is affirmed.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant, in an able brief and argument, challenges the correctness of our original opinion. She contends that the evidence does not show that the appellant knew that her combination home and place of business was being used as a house of prostitution. She points out that each of the acts detailed originally was committed in the absence of the appellant; that is, that the acts of intercourse and the solicitation did not occur while the appellant was in the room. This is not surprising in view of the nature of the enterprise involved. We do find, however, that Officer Conley testified that, in August prior to October 30 charged in the information, he went to the apartment in question; that the appellant met him at the door; that he asked for one Doris King, and the appellant directed him to a small room where he found Doris, who at that time solicited him to have an act of intercourse with her, for which offense he then arrested Doris.

In view of the size of the apartment, as described by the first witness, it would appear highly improbable that the appellant would not have knowledge of this arrest.

In Forbes v. State, 35 Texas Cr. Rep. 24, 29 S.W. 784, this court held that, where the accused was shown to reside immediately adjacent to the premises in question, such "was a pertinent fact, tending strongly to show that appellant knew his house was being kept as charged." In the case at bar, the appellant resided in the house in question and was at home on one occasion when a woman was arrested therein for soliciting.

Remaining convinced that we properly disposed of this case originally, appellant's motion for rehearing is overruled.