## G. L. McLIN v. The State.

### *No. 3546. Decided November 1.*

**1. Theft from the Person—Evidence.**—Indictment charged that the accused privately took "from the person and possession" of the alleged injured party the property mentioned, "without the consent and without the knowledge" of such party. Under this allegation it devolved upon the State to prove that the property was taken without the knowledge of the injured party.

**2. Same—Charge of the Court.**—P., the alleged injured party, testified, in substance, as to the circumstances of the taking, that he was awakened by the defendant inserting his hand into his pocket; that he felt the defendant shoving his hand down into the pocket; that when defendant withdrew his hand with the pocket book he, the witness, seized and recovered the pocket book of money, replaced it in his pants pocket, and went back to sleep, leaving the defendant standing by the bedside. This transaction was the one upon which the State elected to proceed. Testifying further, the witness said that when he finally awoke, about three hours later, he missed his money. The State having elected to proceed upon the first transaction the court in its charge properly limited the jury to a finding upon that transaction, and correctly instructed, in effect, that the jury should acquit if they believed from the evidence that the defendant took the money from the person of P., but took it with the knowledge of P., or had a reasonable doubt on that point.

**3. Same—Cases Distinguished.**—The proof on the issue in this case (see the opinion) shows that P. knew of the attempt upon the money in his pocket before it was seized by the defendant. The conviction, therefore, under the allegation in the indictment, is against the proof and against the law as correctly given in charge. Note the opinion for the distinction between this and the cases of Flynn v. The State, 42 Texas, 301, and Green v. The State, 28 Texas Court of Appeals, 493.

**4. Same.**—The Charge of the Court, explaining the nature of the offense, in-

structed the jury that "the theft must be committed without the knowledge of the person from whom the property is taken, *or so suddenly as not to allow time to make resistance before the property is carried away.*" The charge was erroneous as to the latter clause, because it did not conform to the offense charged in the indictment, and comprehended a ground upon which the defendant could not be convicted. But the error became immaterial in view of the subsequent portions of the charge by which it was cured.

APPEAL from the District Court of Uvalde. Tried below before Hon. T. M. Paschal.

The conviction was for theft from the person, and the penalty assessed was a term of two years in the penitentiary.

The opinion sufficiently states the case.

*Clark & Old* and *T. G. Baker*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant was charged by the indictment with theft from the person. Penal Code, arts. 744, 745. The allegation was that he privately took "from the person and possession" of one Priddy the property mentioned, "without the consent and *without the knowledge*" of Priddy. To sustain the allegations and make out the case it was incumbent upon the State to prove that the property was taken "without the knowledge" of Priddy. Priddy himself is the only witness who knew anything about and testified as to the attendant circumstances and the manner of taking. Having told about his going up into the room, lying down with his clothes on and going to sleep, he says: "After I had slept some time I was awoke by defendant putting his hand in my pants pocket, which was tight, where I had my purse with the money in it. I was lying on my back. *I felt him as he shoved his hand on down into my pocket*, and he then pulled my purse out of my pocket with the money in it. As he drew my purse and money out of my pocket I caught hold of his hand and took my pocket book from him, and said, 'that don't go,' and took my pocket book from him and put it back into my pocket and went to sleep again. Defendant was standing by my bed the last I remember before I went to sleep the second time." It was upon this transaction alone that the State elected to try the defendant. After sleeping about three hours Priddy again awoke and found that his money was gone; had been taken without his knowledge, and he found his empty purse in his vest pocket. This latter testimony was objected to by the defendant upon the ground that it was in fact proving another independent crime, and was not admissible to prove and did not prove either the identity, motive, or intent of the first act or crime of defendant, and because the evidence was calculated to prejudice defendant in the minds of the jury.

Under the peculiar facts of the case we are inclined to believe that this evidence was admissible both as *res gestæ* and as to the intent and motive of the first transaction, but it is unnecessary to decide that question in order to dispose of the case as made and upon which the conviction rests.

As before stated, the prosecution elected to stand and claim a conviction upon the first transaction as detailed in the testimony of Priddy above set forth, and the court based the charge given upon and limited the jury to a finding upon that transaction. Moreover, he gave the jury a special instruction requested for the defendant, as follows, viz.: "The indictment in this cause charges the defendant with theft from the person of W. F. Priddy, without the consent and without the knowledge of W. F. Priddy. Now you are charged that if you believe the defendant did take the money from the person of the said Priddy, and you further believe that it was so taken with the knowledge of the said Priddy, or have a reasonable doubt thereof, you will acquit him."

We are of opinion that the verdict and judgment are against the evidence and against the law as correctly announced in this instruction.

In Flynn v. The State, 42 Texas, 301, the pocket book in the pocket of the owner was seized by the accused, who inserted his hand into the pocket without the knowledge or consent of the owner. He had drawn the book half way out of the pocket when, upon being detected in the act, the accused relinquished his hold upon it, and it was held that these facts constituted theft from the person under our statute.

And so in Green's case, 28 Texas Court of Appeals, 493, the purse had been taken, and defendant's offense was complete before the owner knew that the property had been taken from him.

Not so in this case. Here Priddy testifies: "I felt him as he shoved his hand on down into my pocket." He then knew defendant was shoving his hand into his pocket, and he knew this before defendant had taken the purse. Had defendant's hand taken hold of the purse in the pocket before Priddy knew what defendant was doing, then, indeed, under the Flynn case, *supra*, the offense would have been complete and the conviction would have been supported by the evidence. But defendant's offense was not complete, and Priddy knew what he was doing before it was completed—that is, before defendant had *taken* the property. The judgment will have to be reversed because the evidence does not support the allegation in the indictment and is against the law as given in charge.

In explaining the nature and character of the offense, the court in its charge copied in full the second subdivision of article 745 of the Penal Code, as follows: "The theft must be committed without the knowledge of the person from whom the property is taken, *or so suddenly as not to allow time to make resistance before the property is carried away.*" This latter portion of said charge was excepted to because it did not conform to the offense charged in the indictment, and stated a ground not alleged

upon which defendant could be convicted.   Jones v. The State, 22 Texas Ct. App., 680.   But for the fact that the patent error was cured in subsequent portions of the charge, where it was sought to apply the law to the facts, the error would have been fatal and have necessitated a reversal. As it is,· the error was fully cured when the court came to apply the law directly to the facts, and no possible harm could have been occasioned by the error.   Steagald v. The State, 22 Texas Ct. App., 465.

Because the verdict and judgment are not supported by the evidence the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.