## W. R. Black v. The State.

No. 3762.    Decided October 16, 1907.

**1.—Theft From Person—Charge of Court—Different Counts in Indictment.**

Where upon trial for theft from the person, the indictment contained two counts, one for privately stealing and the other for sudden taking, and the law as to both counts was defined in the charge, but only that as to private taking was applied to the facts and submitted to the jury, who were further instructed not to consider the other count in the indictment, there was no error. Following McLin v. State, 29 Texas Crim. App., 171, 15 S. W. Rep., 600.

**2.—Same—Charge of Court—Private Stealing—Public Place.**

Where upon trial for theft from the person the evidence showed that the money was abstracted from prosecutor's pocket without his knowledge while he sat asleep in the barber shop, the defendant remarking to the bystanders at the time that prosecutor was his brother, there was no error in the court's charge that it was not necessary that the taking be done in a concealed manner and out of the observation of others.

**3.—Same—Intent to Appropriate—Charge of Court.**

Where upon trial of theft from the person, all the circumstances adduced in evidence indicated that the defendant had the present intent at the time of the taking to appropriate the money abstracted from prosecutor's pocket, a charge of the court that defendant must have the intent to deprive the owner of the value of the property was sufficient without submitting a further charge on the issue of intent to appropriate.

**4.—Same—Charge of Court—Theft—Misdemeanor.**

Under an indictment charging theft from the person, there cannot be a conviction for an ordinary theft, and the court was not required to charge the law on simple theft as a misdemeanor.

Appeal from the District Court of Potter. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*L. C. Barrett, J. A. Templeton, Geo. Wharton,* for appellant.—Schwartz v. State, 27 S. W. Rep., 136. On question of private taking: Board of Commissions of Cayuga County v. State, 47 N. E. Rep., 288; Murry v. State, 21 Texas Crim. App., 620. On question of intent to appropriate: McMahan v. State, 96 S. W. Rep., 17; Leak v. State, 97 S. W. Rep., 476; Veasley v. State, 85 S. W. Rep., 274; Brokaw v. State, 85 S. W. Rep., 801; Black v. State, 79 S. W. Rep., 311.

*F. J. McCord,* Assistant Attorney-General, for the State.—The State insists that the word "privately" as used in the statute has reference to the manner of taking and not to the place where taken, and in support of this proposition we invite the court's attention to the case of Clemmons v. State, 45 S. W. Rep., 911.

HENDERSON, JUDGE.—Appellant was convicted of theft from the person and his punishment assessed at two years in the penitentiary, and prosecutes this appeal.

The facts, briefly stated, show that prosecutor, Stokes, lived in the town of Memphis and at the time of the alleged offense was on a visit to Amarillo in Potter County. He there met up with appellant Black. Both parties were drinking and the evidence is to the effect that Stokes was quite drunk. They went into a barber shop about noon on the 7th day of March, 1907, and prosecutor immediately occupied one of the barber chairs and went to sleep. Appellant occupied another chair and took a shave, spoke of prosecutor as his brother. When he got through shaving he ran his hand into prosecutor's pocket, as he stated, for the purpose of getting money to pay for his shave, took out $5 or $6, paid for his shave and asked them to leave his brother in there awhile. After some discussion on the subject and before leaving, he returned and ran his hand in prosecutor's pocket and took some more money therefrom. He then went out. Shortly afterwards, prosecutor was aroused up, discovered the loss of his money, was told that his brother had taken it, and then he informed the barbers he was no brother of his, and they immediately made search for appellant and found him. When appellant saw them coming, he started to run but was overhauled by one of the barbers and arrested. This is a sufficient statement of the case to discuss the assignments of error.

Appellant contends that the court committed an error in submitting the issue of a sudden taking. There were two counts in the indictment and the court in stating these counts and in defining the offense, charged in regard to a sudden taking but did not submit that issue to the jury, and the jury were instructed not to consider the second count in the indictment. See McLin v. State, 29 Texas Crim. App., 171, 15 S. W. Rep., 600.

Appellant in his motion for a new trial, insists that the court should have instructed the jury more definitely as to the meaning of "privately stealing" and that the proof showed there was lacking the elements of a private stealing from the person, because, it is insisted, that what was done by appellant was publicly done and in the presence of others.

We do not agree to this contention, and we believe the court was correct in informing the jury in response to their question, that it was not necessary that the taking be done in a concealed manner and out of the observation of others. It was done, in this case so far as the proof is concerned, as alleged in the indictment, without the knowledge of the prosecutor, who was at the time, either asleep, or stupified, and so far as other spectators were concerned, they were misled, or hoodwinked, by the suggestion made on the part of appellant that the prosecutor was his brother, and of course, it was assumed by them that he had a right to take his money. We think this proof showed a sufficient response to the allegation in the indictment that the theft was privately done. Clemmons v. State, 45 S. W. Rep., 911. This case was for sudden taking, but it illustrates the proposition here announced.

Appellant also insists that the court should have instructed the jury to the effect, if appellant did not have the intent to appropriate the money at the time of the taking thereof, but subsequently formed this intent, that it was not theft.

In a proper case this character of charge should have been given but we do not believe the proof affirmatively raises this issue. The appellant introduced no testimony and all the circumstances adduced on the part of the State indicate that appellant had the present intent at the time of the taking to appropriate the money, and the charge of the court which required the jury to believe that he had the intent to deprive the owner of the value of the property, we think, was a sufficient submission of this issue under the facts of this case. Except for the observation made by appellant just before taking the money, that prosecutor was his brother and he would take his money to take care of it for him, there was nothing in the case to suggest any other motive than theft. In fact, this observation merely in the light of the other testimony, suggested a subterfuge on the part of appellant to get possession of the money for the purpose of appropriating it, which he straightway did.

Appellant complains that the court should have instructed the jury on a misdemeanor, that is, simple theft. We understand the rule to be that under an indictment charging theft from the person, there can not

be a conviction for an ordinary theft. See Roberts v. State, 33 Texas Crim. Rep., 83.

There being no errors in the record the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.