CASE 39.—ACTION BY THE COMMONWEALTH OF KEN-
TUCKY AGAINST IRENE GATES TO ASSESS FOR
TAXATION HER RIGHT TO OPERATE A FERRY.—
December 3.

# Gates v. Commonwealth

Appeal from McLean Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

From the judgment defendant appeals—Reversed.

Ferries—Taxes on Franchise.—Ky. Stats., 1903, section 1803, pro-
vides for the establishment of a ferry at the instance and for
the benefit of the owner of the land on which it is located,
or of some one who has obtained the privilege from such
owner.   By Ky. Stats., 1905, section 4077, every ferry com-
pany is required to pay a tax upon its franchise in addition
to its ad valorem tax.  Ky. Stats., 1903, section 4082, provides
that persons or associations of persons engaged in the busi-
ness of any of the corporations mentioned in section 4077,
shall be liable for taxes upon their capital and property or
evidences of their rights in like manner as if they were a
corporation.  A landowner leased her right to operate a ferry.
Held, That the landowner's right to establish and operate a
ferry is not a taxable franchise, but that he who secures the
right to operate the ferry is liable for the tax imposed.

L. W. GATES and W. B. NOE for appellant.

### POINTS AND CITATIONS.

(a) A ferry right or franchise is intangible personal property.
(Ky. Stats., section 4022.)
. (b) Personal property of a resident of Kentucky is taxable
only at the domicile of the owner.  (Gates v. Barrett, etc., 79
Ky., 296; Wren v. ᴊoske, 24 Ky. Law Rep., 1780; Boske v. Security
Trust & Safety Vault Co., 22 Ky. Law Rep., 181; Comth. v. Union
Refrigerator Transit Co., 80 S. W., 491; Ayer & Lord Tie Co. v.

Gates v. Commonwealth.

keown, 93 S. W., 589; Langdon-Creasy Co. v. Trustees, etc., 25 Ky. Law Rep., 823; O'Callaghan's Exor. v. City of Owensboro, 111 Ky., 765; Comth. v. Haggin, 99 S. W., 907.)

(c) ·Section 4077, Ky. Stats., does not apply to franchises exer-cised exclusively within Kentucky, ·or those owned by individuals, but only applies to those franchises or corporations named in section 4081. (Board of Councilmen of City of Frankfort v. Stone, Auditor, etc., 108 Ky., 403 to 406.)

(d) Section 4082, Ky. Stats., does not authorize McLean county to tax intangible personal property or franchise of owner whose domicile is in Jefferson county. (Board, of Councilmen of City of Frankfort v. Stone, Auditor, etc., 22 Ky. Law Rep., 502.)

(e) The franchise tax imposed by section 4077 should be paid by the person who exercises the franchise and not by the owner who has no control over it. (Jefferson County v. Board of Valuation and Assessment, 78 S. W., 445.)

JOE H. MILLER for appellee.

1. The McLean county court has jurisdiction to list this prop-erty for taxation. Ky. Stats., section 4241; Comth. of Ky. v. Adams Express Co., 26 Ky. Law Rep., 190.)

2. This ferry franchise is liable for taxation for State and county purposes for the years 1905 and 1906. (Gen. Stats., ch. 42, section 4; Ky. Stats., section 1803; Trustees of Maysville v. Boon, 2 J. J. M., 225; Lytle, etc., v. Breckinridge, 3 J. J. M., 663; 22 Cyc., p. 60, note 7; 19 Cyc., p. 499; Bowman v. Worthen, 3 Fed. Case No. 1740, 2 McLean 376; Ky. Stats., section 4077; Jefferson County v. oard of Valuation & Assessment of Ky., 25 Ky. Law Rep., 1637.)

Opinion of the Court by Chief Justice O'Rear— Reversing.

Mrs. Irene Gates was the owner of a tract of land bordering on Green river, in McLean county. The land on the opposite side of the river was owned by another person. These two owners leased their ferry privilege appurtenant to their lands to one Riggs, who obtained from the county court of McLean county the right to operate a ferry and executed

bond required by law.   Section 1803, Ky. St. 1903, reads. "A ferry shall be established at the instance and for the benefit of the owner of the land on which it is located, or of some one who has obtained from the owner the privilege of using the same for that purpose." By other sections of the statute provision is made for condemnation of land on the opposite side of the river if it cannot be obtained by agreement of the parties.   This proceeding was begun in the county court of McLean county to assess for taxation as omitted property the franchise, so called, of Mrs. Gates, to operate a ferry.   The court valued her one-half interest at $7,500, and listed it for several years as omitted property.   Upon appeal to the circuit court the judgment of the county court was affirmed.

The question for decision is: Was the privilege mentioned in section 1803 of the statutes, supra, a franchise taxable under the statutes of this State? By section 4077, Ky. St. 1903, every ferry company is required to pay a tax upon its franchise in addition to its ad valorem tax, and by section 4082, Ky. St. 1903, it is provided: "Wherever any person or association of persons not being a corporation nor having capital stock, shall, in this State, engage in the business of any of the corporations mentioned in the first section of this article (section 4077) then the capital and property, or the certificates or other evidences of the right or interests of the holders thereof in the business or capital and property employed therein, shall be deemed and treated as the capital stock of such person or association of persons for the purposes of taxation and all other purposes under this article, in like manner as if such person or association of persons were a corporation." It is insisted for the

Commonwealth, and was so held by the circuit and county courts below, that the rights of the owners of lands adjacent to a navigable stream to have a ferry established and to operate same was a taxable franchise under section 4077, supra. Mrs. Gates and the opposite owner did not operate a ferry. Either of them might have obtained the privilege to do so, but, instead of obtaining it, they leased the right, as is expressly permitted by the statutes, to another, in this case Riggs, who applied to the county court for the privilege, and was accordingly granted it. We are of opinion that the person to whom the license to operate the ferry was granted is the one who is liable for the franchise tax imposed by section 4077, Ky. St. 1903. The right of the owners of the adjacent lands to have a ferry established is not a taxable franchise. The statute does not contemplate the taxation of such right. It merely gives to such owner priority in the matter of applying for the ferry privilege. Aside from the order of the county court establishing the ferry and authorizing such owner to operate it, whereupon he becomes a common carrier, the owner of the lands adjacent to the stream has not the right to operate a ferry . The fact that such owner has priority in obtaining the right might affect the value of the land; but such right is not separate property taxable independent of its connection with the ownership of the land out of which it springs.

We conclude that the judgment taxing the so-called franchise of the appellant was erroneous, and it is reversed, with directions to remand the proceedings to the county court, where they will be dismissed.