## Whittenberg v. City of Louisville.

(Decided March 20, 1931.)

H. C. T. WHITTENBERG for appellant.

DAVIS EDWARDS for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This appeal involves the construction of section 246 of our Constitution, which reads:

"No public officer, except the governor, shall receive more than five thousand dollars ($5,000.00) per annum as compensation for official services, independent of the compensation of legally authorized deputies and assistants, which shall be fixed and provided for by law."

Dr. Roy Carter was a candidate for the office of coroner of Jefferson county at the November, 1925, election, and was awarded a certificate of election. He qualified

118

and acted as coroner until June 27, 1927, when a vacancy in the office was created by virtue of the judgment of this court in the case of Taylor v. Neutzel, 220 Ky. 510, 295 S. W. 873. On June 27, 1927, appellant, Dr. J. I. Whittenberg, was appointed by the county judge to fill the vacancy, and he qualified and acted as coroner of Jefferson county until November 22, 1927. During the time he served as coroner he collected from Jefferson county and the city of Louisville fees amounting to $2,568, and, claiming that the city of Louisville was indebted to him in the additional sum of $1,512 in fees for inquests held by him in the city, he brought this suit to recover that amount.

The city filed an answer and counterclaim, in the third paragraph of which it alleged that Dr. Roy Carter was coroner from January 1, 1927, to the 27th day of June, 1927, and that during that time he collected from the county of Jefferson, $264, and from the city of Louisville $4,320, or a total of $4,584 as salary for the year 1927; that on June 27, 1927, the appellant became coroner of Jefferson county, and as such coroner he collected from Jefferson county $336, and from the city of Louisville $2,232, or a total of $2,568, and that the total amount collected by Roy Carter and appellant was $7,152, or $2,152 in excess of the constitutional limit, and judgment was asked against appellant for this alleged excess. A demurrer to the third paragraph of the city's answer and counterclaim was overruled. Appellant declined to plead further, and the circuit judge, being of the opinion that appellant was entitled to a proportionate part of the $5,000, the maximum salary permitted by the Constitution, based on the time he had acted as coroner, which was four months and twenty-six days, adjudged that he was entitled to $2,016.13 and entered a judgment against him in favor of appellee in the sum of $259.89, which the city had paid him after he had received the full amount to which he was entitled.

The lower court reached this conclusion by construing the limitation in section 246 of the Constitution as applying to the office rather than the individual holding the office. The section plainly provides, however, that "no public officer . . . shall receive more than five thousand dollars ($5,000.00) per annum as compensation for official services." Where public officers receive compensation in the form of fees or commissions, as do cor-

oners, sheriffs, and many other officers, it is frequently true that their compensation is received at irregular intervals, and most of it, in some instances, during a particular period of the year. It would be possible for an officer paid under the fee system to receive during the first month of the year the maximum amount permitted by the Constitution. If he continued in office he would be required to return all fees subsequently collected during the year, but, if he died, or resigned, or a vacancy was otherwise created in the office, would his successor be required to work during the remainder of the year without compensation, or would he be entitled to a proportionate part of the maximum salary permitted based on the time he served? If the latter rule is correct, then a sum equal to the amount paid the second holder of the office could be recovered from the first who had served only one month and collected $5,000. Such a cumbersome and contingent plan was clearly not contemplated by the framers of the Constitution. Words or terms used in a Constitution which is dependent on ratification by the people must be interpreted in the sense most obvious to the common understanding at the time of its adoption, and it will be presumed that they have been used according to their plain and usual import. Crick v. Rash, 190 Ky. 820, 229 S. W. 63. The language of section 246 is simple and understandable. We are convinced that the section in question means exactly what it says, and applies to the officer and not to the office. The purpose of the constitutional provision in question is to prevent any officer from receiving compensation in excess of $5,000 during any year.

Appellee suggests that so much of section 532 of the Kentucky Statutes as provides that all the expenses of an inquest held in a city of over 30,000 shall be paid by such city, violates sections 181, 181a, and 171 of the Kentucky Constitution, and Campbell County v. City of Newport, 174 Ky. 712. 193 S. W. 1, L. R. A. 1917D, 791, and District Board of Tuberculosis Sanitarium v. City of Lexington, 227 Ky. 7, 12 S. W. (2d) 348, are relied on. The Campbell County case involved the payment of one-half of the expenses of the juvenile court of the county by the city of Newport and the Tuberculosis Sanitarium case involved support of the county institution by the city and it was held in these cases that to require a city to furnish by taxation a part of the funds to pay a county officer or support a county institution, in addition to the

general fund of the county to which the city had contributed by taxation, would amount to double taxation, in that the property in the city would be twice taxed for the same identical purpose and by the same identical authority. That is not the result under section 532 of the Statutes. Under that statute the county pays for inquests held in the county outside the city, and the city pays for inquests held within its corporate bounds. The coroner is paid for each inquest. While the city contributes to the general fund of the county out of which the inquests held in the county are paid, in no instance does it pay twice for a single act.

Section 1739 of the Statutes provides that coroners shall be allowed "for holding an inquest on a dead body, and burying the deceased, to be paid out of the estate of the deceased, if sufficient, if not out of the county levy— $12.00." In Grinstead v. Carter, 181 Ky. 331, 204 S. W. 87, sections 532 and 1739 were construed and it was expressly held that section 532 was valid, and that the city of Louisville was liable for the fees of the coroner for inquests held within the city. The principles applied in that case are controlling here.

Judgment reversed.

Whole court sitting.