## Overstreet, Sheriff, v. Boyle County Fiscal Court et al.

(Decided June 12, 1936.)

CLAY & CLAY for appellants.

ADD LANIER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and plaintiff below, Mary F. Overstreet, is now, and was at the time of the filing of this action by her in the Boyle circuit court against appellees and defendants below, Boyd county fiscal court and its members, the sheriff of Boyle county, having been elected at the regular election in 1935 to fill a vacancy in the office produced by the death of her husband, who was elected to the office at the regular November election in 1933, but who died in June, 1934. Upon his death, W. R. Purdom was appointed to fill the office until it could be filled by election at the time plaintiff was elected. During Purdom's incumbency, he began the collection of the taxes for the county's fiscal year 1935, as based upon assessments made in 1934, and succeeded in collecting more than $5,000, upon which, in his settlement made upon retiring from office, he was allowed the statutory fee of 10 per cent. Perhaps he had collected, all told, not exceeding 10 per cent. of the entire amount due the county, and plaintiff as his successor completed the collection of the balance of it. When it came time for her to settle for the collections she had made, she demanded the

same statutory 10 per cent. on the first $5,000 that she had collected, upon the theory that a proper interpretation of the applicable statutes, viewed in the light of all applicable constitutional provisions, entitled her to that commission, although it would result in a duplicate payment of that maximum percentage on the first $5,000 collected for the same fiscal year.

The fiscal court entertained a different opinion and declined to allow her as compensation any more than 4 per cent. on her total collections. She then filed this declaratory judgment action against that court and its members for a declaration of rights, and in her petition she set out the facts as we have outlined them. Upon final submission, the court determined that she was not entitled to the compensation for which she contended, and which necessarily also determined that the provisions of the applicable statutes were confined to the "office" of sheriff as county tax collector and did not apply to the individual incumbent as an "officer," as the word is employed in sections 161 and 246 of our Constitution relating to compensation of city, county, and state officers. The court therefore concluded that the construction made in the two cases chiefly relied on by counsel for plaintiff [Whittenberg v. City of Louisville, 238 Ky. 117, 36 S. W. (2d) 853, and Madison County v. Hamilton, 243 Ky. 29, 47 S. W. (2d) 938], was not applicable. The learned trial judge filed a written opinion which so completely expresses our views upon the single question involved that we have concluded to adopt it, since we are convinced of our inability to improve upon it. The portion of it so adopted says:

"J. W. Overstreet was elected sheriff of Boyle county for the regular term beginning the first Monday in January, 1934, and died in office in June, 1934. W. R. Purdom was appointed to fill the office until the regular November, 1935, election, and at that election Mrs. Mary F. Overstreet, the plaintiff, was elected sheriff for the remainder of the term. She entered upon her duties November 14, 1935, and has been the sheriff from that time on.

"Mr. Purdom, as sheriff, collected upon the tax levy based upon the assessment made as of July 1, 1934, in excess of $5,000 of those taxes. He was paid

the commission of 10 per cent. on the first $5,000 collected, as authorized by section 1729 of the Statutes. After Mrs. Overstreet became sheriff, she proceeded to collect the remainder of the 1935 taxes; a considerable part not having been collected by Mr. Purdom, as the taxpayers had until the last of February, 1936, for paying before the penalty attached.

"In this case, a suit for declaration of rights, plaintiff is insisting that she as sheriff is entitled to 10 per cent. commission on the first $5,000 of these taxes collected by her and collectible in 1935, 1936, and 4 per cent. on the balance. The Boyle county fiscal court, on the other hand, insists that, as Mr. Purdom had already collected $5,000 of those taxes, and had been paid therefor the commission of 10 per cent. thereon, plaintiff is not entitled to charge 10 per cent. commission on the first $5,000 of taxes she has collected, but only 4 per cent., for the reason that, under the circumstances of this case, only one such commission of 10 per cent. may be charged, and that upon the first $5,000 of these taxes collected.

"The question in dispute, as is seen, involves the compensation permitted the sheriff for collecting county revenue. The law regarding that is contained in section 1729, Kentucky Sts., and repeated in section 4168. The former provides: 'The sheriff, for collecting the county revenue, ten per cent (10%) upon the first five thousand dollars ($5,000.00), and four per cent (4%) upon the residue: Provided, That in no case shall the aggregate annual compensation of the sheriff for official services exceed five thousand dollars ($5,-000.00), independent of the compensation of legally authorized deputies and assistants.'

"Section 4168, making provision for the commissions on both state and county taxes collected, is as follows: 'The sheriffs or collectors shall be allowed by the auditor of public accounts the following commissions upon the sums collected or accounted for or paid into the treasury in each year. Upon the first five thousand dollars ($5,000.00) ten per centum (10%), and upon the residue four per centum (4%). He shall be allowed by the treasurer of the county ten per centum (10%) upon the first five thousand dollars ($5,-000.00) of the county revenue collected and four per

centum (4%) upon the residue; Provided, That in no case shall the aggregate annual compensation of the sheriff for official services exceed five thousand dollars ($5,000.00) independent of the compensation of legally authorized deputies and assistants.'

"Now it is the contention of plaintiff that the words 'the sheriff' in section 1729 embrace each person holding the office and making the tax collections based on the preceding levy; that the right to charge this 10 per cent. commission upon the first $5,000 of taxes collected is not to be confined to the first $5,000 of taxes collected, if more than one sheriff in the course of the tax collections engages in making the collections for any year; that this statute shoud be construed as applying to each of such officers to the extent of allowing each 10 per cent. commission on the first $5,000 of the county revenue that he collects. In stating this contention, counsel for plaintiff urge that the words 'the sheriff' mean each person so holding the office during the period covering the tax collections involved, that the reference is to the officer, not the office, citing in support of that construction Whittenberg v. City of Louisville, 238 Ky. 117, 36 S. W. (2d) 853. In that case, the court had before it the meaning of section 246 of our Constitution with regard to limitation placed upon salaries of public officers. The question there directly presented was whether this limitation prevented two officers, each holding the same office for a part of the same year, from together receiving in excess of $5,000. The court held it did not. And the opinion states that this was so because section 246 plainly provides that no public officer shall receive more than $5,000; that its evident purpose was to prevent any officer, with the exception of the Governor, receiving in excess of that sum; that therefore the prohibition was to the officer, not to the office. It does not seem to me that that opinion aids here. We are not concerned with section 246 of the Constitution. There is nothing, as I see it, in the conclusion nor in the argumet indulged in that opinion that supports plaintiff's contention. The disposition of this case depends upon the proper construction of sections 1729 and 4168, already quoted, limiting the right of the sheriff to this 10 per cent. commission. The commission applies only to the first $5,000 of county revenue

the sheriff collects. What does that mean? To whom. do the words 'the sheriff' refer? Do they refer to each person who holds that office during the year in which the taxes are being collected and who in fact collects as much as $5,000 of the taxes? How should the phrase, as used in section 1729, 'upon the first five thousand dollars,' be construed, or how should the similar words in section 4168, 'upon the first five thousand dollars ($5,000.00) of the county revenue collected?'

"As stated, these taxes are from the levy based upon the assessment of the preceding year. In Green County v. Howard, 127 Ky. 397, 386, 104 S. W. 897,. 899, 32 Ky. Law Rep. 243, the court said: 'All taxes levied by a county in one year constitute one fund and are to be taken in the aggregate in computing the commission due the collecting officer; that is, he is entitled to a commission under these statutes on the first $5,000 at 10 per cent. and on the remainder at 4 per cent.' In Hall v. Ballard County, 140 Ky. 84, 130 S. W. 975, it is said: 'This court has often held that all. of the taxes collected by a county constitute one fund, and that in estimating the sheriff's commissions for collecting them he is to be allowed commissions on them as a single fund.'

"Those decisions—and there has been no departure from them—make it plain that in the collection of the county levy the sheriff, so far as concerns his compensation therefor, is handling one fund. With that in mind, it seems to me that the statute, in authorizing a commission of 10 per cent. * * * for the collection of the 'first five thousand dollars' of taxes, necessarily means the first $5,000 of the tax fund collected by the sheriff. When the first $5,000 of taxes has. been collected, and if the fund is to be treated as an entirety, there can be no second first $5,000 of that fund remaining to be collected by the sheriff. And therefore the meaning to be given the words 'the sheriff' in these two sections of the Statutes is that they refer to and designate the sheriff who collects the first $5,000 of county revenue for the year. That exhausts the right to the commission of 10 per cent., not. only as to the sheriff who in fact makes that collection, but as to any succeeding sheriff who may finish.

the collection of the county taxes for that year. In short, it is not intended by these sections that the county tax fund for any year shall be burdened more than once in favor of the sheriff or sheriffs by the charge of 10 per cent. commission, and that once is upon the initial $5,000 of the tax fund collected. Neither the language of section 1729 nor of section 4168 imports, as I understand their provisions, that the meaning of the phrase 'the first five thousand dollars' shifts with each sheriff who may engage in collecting these taxes; that for the first sheriff it means the first $5,000 of the tax found collected; that as to the next Sheriff so engaged it means simply the first $5,000 he collects from the residue of the taxes, and so on with each succeeding sheriff who happns to collect as much as $5,000 of those taxes.

"Plaintiff insists, however, that the construction now rejected finds support in Madison County v. Hamilton, 243 Ky. 29, 47 S. W. (2d) 938, 940. But that case is not in point here. What it decides is that, where a sheriff's term has expired, and he collects the delinquent taxes, as provided for in section 4135, Ky. Stats., as it stood at the time that opinion was rendered, he is not acting as sheriff; it is not a continuation of his duties as sheriff that he is discharging, but those of a new office, created by that section. As the opinion states the matter: 'The services he rendered as delinquent tax collector were no part of his duties as sheriff and were not performed or directed to be performed within the term of his offce as sheriff. They were rendered in an entirely new and different capacity and for them he was entitled to compensation.' The court therefore held that what compensation the former sheriff had earned as sheriff had no bearing on the question of what compensation he was entitled to as delinquent tax collector, because that office was distinct from that of sheriff, and his right to compensation should be determined accordingly. In the present case, we are not concerned with two different offices. We are concerned with one offce, and the right of one succeeding another in that office, for the remainder of the unexpired term, to certain compensation limited to the orcupant of the office who rendered the services for which that compensation is provided."

Late amendments to section 4135 (see Ky. Stats. Supp. 1933) were involved in the more recent case of Petty v. Talbott, Auditor, 256 Ky. 688, 76 S. W. (2d) 940, in which it was held pursuant to such amendments. that the outgoing sheriff had the right to collect uncollected delinquent taxes at the time of his retirement. from office, but that he was not entitled to commissions thereon if he had earned his constitutional allowance prior to retiring from office, and which amendment, as. so construed, made a radical change in the law as. declared in the Hamilton Case, supra. The Petty opinion and the statute upon which it was based proceeded upon the construction as declared in the Hall and Howard Cases supra, i. e., that the assessed taxes for the fiscal year constitute one fund upon which the commission for its collection is to be estimated, and from which it would seem to necessarily follow, as. stated in the inserted opinion of the trial judge, that there could not be a duplicate estimate in favor of each person who may chance to fill the office during the collection period of the one annual tax. To uphold. the contention of learned counsel for plaintiff would render it possible, though remotely so, for the state or other subordinate taxing authority to be compelled to relinquish 100 per cent. of the entire amount of taxes assessed for the year, provided a sufficient number of individuals should happen to occupy the office during the period provided for the collection to bring about. that result. Indeed counsel's contention is nothing less than an insistence upon our approving that possible one.

The text in 46 C. J. 1019, sec. 250, relating to the governing rule in the construction of statutes fixing compensation of officers, says in part: "Statutes relating to the fees and compensation of public officers must be strictly construed in favor of the government, and such officers are entitled only to what is clearly given by law." In a different subdivision of that section and on the same page, under the heading "Compensation Based on Population" of the taxing authority, the text says: "An 'annual salary' based on population as shown by election, must be calculated for the year as a whole." In note 98 cited to that text is the case of State v. Linville, 318 Mo. 698, 300 S. W.. 1066, 1067, in which it was held that under such a.

measuring statute the year "cannot be split up into periods by elections [revealing fluctuations in population] which occur during the year, and [the compensation] must be calculated on a year as a whole." While the exact question we have was not presented or determined in that case, the same principle as here involved was determined in accord with the trial court's opinion, and which, for the reasons stated, we approve.

Wherefore the judgment is affirmed.

The whole court sitting.