# City of Louisville et al. v. German.

June 4, 1940.

Lawrence S. Poston and Hal O. Williams for appellants.

Blakey Helm and Watson Clay for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

John R. Lindsay is now and has for a number of years been Director of Finance of the city of Louisville, an office created by Section 2902-2, Kentucky Statutes, and as such receives the fixed annual salary of $4,999.92. On June 1, 1938, he was appointed to and has since held the position of chief accountant and financial adviser of the City of Louisville Municipal Housing Commission and for his services as such is paid the sum of $300 per month or the equivalent of $3,600 per annum, making his total annual salary for the two positions $8,599.92.

In this suit by a taxpayer of the city of Louisville under the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq., it is alleged in substance that John R. Lindsay is receiving as compensation a salary in excess of $5,000 from the city of Louisville for official services in violation of Section 246 of the Constitution of the commonwealth and that the two positions held by him are incompatible; that controversy has arisen between the parties concerning the matter. He asked for a declaration of rights as to the following questions, (1) the right of the city and the housing commission to pay Lindsay a total salary in excess of $5,000; (2) the right of Lindsay to hold two municipal

offices at the same time; and (3) the right of Lindsay to hold any other municipal or public office, position or employment whatever while he holds the position of Director of Finance of the City of Louisville.

Defendant's answer admits that Lindsay holds the two positions referred to in the petition for which he receives a salary as therein set out but traversed the material allegations of the petition and set forth at length the character and nature of the duties of the position held under the housing commission and further alleges that the duties of that position do not interfere with the discharge of the duties of the office as Director of Finance of the City of Louisville and that he gives all the time necessary or required by law to the discharge of the duties of the latter position.

It was declared and adjudged that the city and the housing commission are paying to John R. Lindsay a salary for official services in excess of the sum of $5,000 per annum in the aggregate; that such payment is in violation of Section 246 of the Constitution, and this appeal is from that portion of the judgment. It was further declared and adjudged (a) that the office held by Lindsay as Director of Finance of the city of Louisville is not incompatible with the position which he holds with the housing commission as chief accountant and financial adviser and that the two positions are not incompatible with each other; (b) that the holding of the position by Lindsay with the city of Louisville housing commission does not prevent or interfere with the performance of the full duties of the office of Director of Finance or prevent him devoting his entire time to the discharge of the duties of the latter position within the provisions of Section 2902-1 et seq., Kentucky Statutes, and that it is not illegal for him to hold both positions at the same time. By cross appeal the taxpayer is challenging the correctness of the findings (a) and (b).

In grounds assigned for reversal it is argued (1) that the payment of the combined salaries to appellant Lindsay is not violative of Section 246 of the Constitution because the position under the housing commisssion is not an office and the incumbent does not render official service; that the position is neither permanent nor continuous and the incumbent is only an agent or employee under contract; that the compensation paid ap-

pellant Lindsay as salary for services in the position under the housing commission is derived from sources other than taxes. The second point argued is that the office of Director of Finance of the city is not incompatible with the position held under the housing commission and that the two positions are not incompatible with each other.

Counsel for appellee make issue on both points but state in brief that if the judgment be affirmed on the original appeal there will be no occasion for considering the cross appeal.

The municipal housing commission was created under what is known as the Municipal Housing Commission Act, Kentucky Statutes, Section 2741x-1 et seq. The purpose of that act was to promote slum clearance by acquiring, establishing, erecting, maintaining, and operating low cost housing projects in municipalities of the first and second class. In Spahn v. Stewart, 268 Ky. 97, 103 S. W. (2d) 651, 659, the act was held valid and constitutional. The purposes of the act are fully set forth in that opinion and among other things it is said:

"Two principal features of the act must be considered: One, that the act has as one of its outstanding purposes the procurement of financial aid from the government; second, that the work contemplated is of a public nature, as we think we have sufficiently pointed out. The work done in the consummation of the plan is essentially public work."

As was indicated in the opinion it is a public work serving a public purpose in that it has as its objective the promotion of public health, safety, morals, general welfare, etc., of citizens of the city. Under the act (Section 2741x-10, Kentucky Statutes), cities are authorized to provide funds for carrying out its purposes by the issuance of revenue bonds of the city pursuant to resolution of the housing commission; but it is provided that such bonds shall not be an obligation of the city, state or any governmental subdivision but shall be paid out of the property, revenue and assets of the housing commission.

The act (Section 2741x-2) provides for the appointment of members to constitute the housing commission

and that such commission shall elect a chairman and vice president from its members and a secretary and treasurer who need not be members of the commission; that the duties of the secretary and treasurer may be performed by the same person. It is further provided therein that the commission may employ engineers, architects, contractual experts, inspectors, attorneys, and such other employees as may be necessary in its opinion and fix their compensation.

Appellant holds his position under the housing commission by virtue of the following resolution adopted by it:

"Be it resolved by the City of Louisville Municipal Housing Commission that John R. Lindsay be and he hereby is employed by the Commission effective as of June 1, 1938, as a Chief Accountant and Financial Adviser for the Commission during the construction of Project Ky-1-1 and Project Ky1-2, for which services he shall be paid the sum of $300.00 per month, payable in semi-monthly installments out of the Project Development Funds. His duties shall be such as may be required by the Commission."

Appellants set out at length in their answer the duties of appellant Lindsay in his position under the housing commission which consist among other things in supervising, receiving and disbursing the funds of the commission, its books and accounts; that the funds which the commission receives from the United States Housing Authority are deposited in the banks of Louisville to the credit of the commission and payments are made therefrom on checks drawn by Lindsay as chief accountant and financial adviser and countersigned by the secretary of the commission; that he makes regular reports to both the commission and the United States housing authorities which require certain routine to be followed relative to receipts and disbursements and keeps the commission advised of the bank balances and funds that may be required as expenditures on different projects; that generally speaking his duties are that of budget control.

Further recitation of details is apparently unnecessary to demonstrate that the position held by appellant Lindsay with the housing commission has most of the

essential attributes of an office as that term is generally understood and defined by courts and that his duties are purely official in character. See J. E. Alvey v. Harold F. Brigham et al., 286 Ky. 610, 150 S. W. (2d) 936, which is conclusive and determines every question raised by appellants adversely to their contention.

So much of Section 246 of the Constitution as is pertinent reads:

"No public officer, except the governor, shall receive more than five thousand dollars ($5,000.00) per annum as compensation for official services, * * *."

That section is mandatory and self-executing. Shipp v. Bradley, 196 Ky. 523, 245 S. W. 157. Under it no officer except the governor is entitled to receive as compensation for public service, whether rendered in one position or more than one, a sum in excess of the limit fixed therein. Coleman v. Hurst, 226 Ky. 501, 11 S. W. (2d) 133. The limitation with respect to salaries fixed therein applies to the officer and not to the office. Whittenberg v. City of Louisville, 238 Ky. 117, 36 S. W. (2d) 853.

It is conceded by all that the position of director of finance of the city is a public office and the combined salary of that and the position held by appellant Lindsay under the housing commission exceeds the limitation set by the Constitution. In the construction of the projects referred to in the quoted resolution employing Lindsay the housing commission is carrying out a work of purely public nature and a governmental function of the city. Appellant Lindsay is rendering important public service in connection therewith and his salary is paid by the commission out of funds furnished or donated by the federal government to the municipality to assist in carrying out the work. However, such funds are none the less funds of the city because derived in that way rather than by taxation. Alvey v. Brigham, supra, and authorities therein cited. We have then the situation of an officer of the city receiving annual compensation out of public funds of the city in the sum of $8,599.92 for public service rendered the city; and it is urged that this is permissible notwithstanding the constitution because $3,600 of that sum is salary for services in a position designated as "employment" and not an office within the strict technical meaning of that term as defined by courts.

In construing provisions of a constitution courts generally have adopted a rule of construction sufficiently liberal to carry out its spirit and purpose rather than a strict technical construction that would operate to render it impotent and defeat the purpose of its adoption, however, there is no justification for the indulgence of liberality to an extent that would nullify or defeat plain, mandatory, constitutional provisions. If the contention of appellants is sound and to be upheld, then the long sought and desired amendment or repeal of Section 246 to remove what is now considered an unwise restraint was a useless gesture, since the end to be accomplished thereby might be attained by indirection and the salary of any or all officials increased by giving them "employment" in the same or some other department of the government with additional compensation which would raise the combined salaries beyond the constitutional limit. Under a sound and well recognized rule, the court will not adopt a construction that would lead to such absurdity. Williams v. Commonwealth, 78 Ky. 93; Beard v. Smith, 6 T. B. Mon. 430, 471, 22 Ky. 430.

We fully realize that the limitation fixed by Section 246 of the Constitution, which was possibly wise and suited to existing conditions at the time of its adoption, has by reason of changed economic conditions, increased governmental activities and exactions of public position, become onerous, tending to impede progress and efficiency and discouraging many competent and qualified persons to seek public office because of allurements of more lucrative fields. However, the court may not shape its course by the exigencies of the situation but must give such effect to the plain, unambiguous terms of the section as will carry out its manifest purpose regardless of the result. The power to amend or repeal the Constitution is not with the court but is reposed in the people who adopted it. It is to be presumed that in framing the Constitution great care was exercised in the language used to convey its meaning and as little as possible left to implication, however, it has been recognized by courts that implied provisions are as essentially a part of the Constitution as its express provisions. 16 C. J. S., Constitutional Law, Section 14, page 50. Section 246 leaves nothing to implication, but in clear, unequivocal terms expresses a purpose and meaning that no public officer, other than the governor, shall receive

compensation for public service in excess of $5,000 whether from one or more than one position.

Wherefore the judgment is affirmed on appeal but at the suggestion of appellee we do not determine the cross appeal.

Whole court sitting.