### BARKER v. BARNES et al.

Court of Appeals of Kentucky.
May 9, 1952.

Elmer G. Davis, Jr., and Smith, Reed & Leary, Frankfort, for appellant.

J. D. Buckman, Jr., Atty. Gen., M. B. Holifield and H. D. Reed, Jr., Asst. Attys. Gen., for appellees.

CLAY, Commissioner.

This action was brought by a circuit judge against the commissioner of finance and the state treasurer for a declaration of rights and to require the payment of additional compensation for the year 1951. The claim was denied.

The controversy involves constitutional and statutory salary limitations, and arises because the plaintiff, appellant, held two different public offices during the year. From January 1 to February 19, 1951, he was commonwealth's attorney for the eighteenth judicial district. On the latter date he was commissioned a circuit judge (by virtue of appointment) and performed the duties of this office for the remainder of the year.

While serving as commonwealth's attorney he received $2,248.25, made up of a small salary and fees realized from fines and forfeitures. He was thereafter paid $625 per month while serving as circuit judge, until November. For that month and December he was paid only $28.51, which, with the compensation already received, totalled $7,500 for the year 1951. Appellees took the position that since appellant accepted and held the office of circuit judge, which carried with it an annual salary of $7,500, that amount constituted the maximum annual compensation for public services to which he was entitled.

The problem presented requires consideration of the limitations, if any, imposed by: (1) section 246 of the Constitution, and (2) the applicable statutes.

(1) Section 246 of the Kentucky Constitution, as amended in 1948, provides that no public officer holding the office of circuit judge shall receive "as compensation per annum for official services" any amount in excess of $8,400. If appellant's claim is allowed, his total compensation for 1951 will exceed that figure. His position is that this constitutional limitation applies only to the officer *while holding that particular office*. It is contended that when

serving as circuit judge, appellant could receive up to $8,400; and when serving as commonwealth's attorney, he could receive up to the constitutional limit of $7,-200. He argues that the salary limitation on one office cannot be applied to another office. In other words, since he served as both commonwealth's attorney and circuit judge during the year, the Constitution would not be violated if he received no more as total compensation than $15,600.

It is conceded by appellant that the constitutional limitation circumscribes the officer rather than the office. This was the consistent construction of section 246 prior to its amendment in 1948, when $5,000 was the maximum. Regardless of the number or types of offices held during any one year, the officer (other than the Governor) was not permitted to receive more than $5,000. See City of Louisville v. German, 286 Ky. 477, 150 S.W.2d 931.

The 1948 amendment, by use of almost identical language, fixed the maximums that officers could receive. However, the amendment effected two significant changes. It increased the amount, and it created a classification of officers with different limitations. The blanket limitation was withdrawn. The type of office held should henceforth govern the permissible maximum compensation of the officer involved.

In spite of the changes effected by the 1948 amendment, the majority of the Court is of the opinion that the underlying prohibitive policy of the old 246 was in no respect modified. That is, regardless of the number or types of offices held, no person should receive more than the maximum compensation fixed for the highest ranking office (salary-wise) outside that of Governor.

The maximum established for the highest ranking officers in the state under the amended 246 is $12,000. It would surely subvert the basic purpose and policy of this section if we permitted the payment of more than $12,000 to an officer who held two lessor ranking offices during the year. Certainly the voters in passing the amended 246 could not have imagined that, by the manipulation of offices held, any one could properly charge the Commonwealth as annual compensation for public service more than the maximum allowed an officer performing what are classified as the most valuable services.

It is true that the amended 246 does not in specific language cover the question presented. It is also true that the problem would not arise except for the indefensible though long standing system which permits certain officers in the state, by the collection of fees, to earn and receive in the first few months of the year all or a substantial part of their total annual salary. However, the majority of the Court is not inclined to further promote the evils of that system by permitting any officer to aggregate the various constitutional limitations for particular offices, and thereby create new limitations higher than the maximum of $12,000 allowed for the most important and highest paid positions in the government.

As before mentioned, section 246, both before and after the amendment, imposed a limitation upon the compensation receivable by an officer. Surely no officer could reasonably claim he was entitled to the compensation allowable to an office which he at no time held. Therefore, the $12,000 limit, which we have decided is the highest maximum any officer may receive, is not the one controlling appellant's compensation. On the other hand, it would be manifestly unfair to limit his compensation to that lawfully payable to the lowest ranking office (salary-wise) held by him. For this reason, insofar as the Constitution is concerned, the majority of the Court is of the opinion that since the highest ranking office held by appellant during the year was that of circuit judge, the $8,400 constitutional limit fixes the maximum compensation he may receive for all public services rendered by him in that period.

Judges Moremen and Stewart do not accept this view. They believe that since the old section 246, which provided a blanket maximum ceiling of $5,000 for all public officers and made no distinction between offices (except the Governor's), has been replaced by the amendment of 1948, which classifies various offices and fixes different

ceilings for each group, a new situation is presented. This new classification of the various offices with the limitation of salaries for each group restricts only the amount which may be paid for work in each office. Therefore, a person who performs the duties of two offices is entitled to be paid up to the maximum salary provided for each office. They believe appellant should receive the full amount he claims.

■ Appellant argues that section 133 of the Constitution, providing for equal and uniform compensation to be paid circuit judges, would be violated if appellant was not paid the full monthly salary of $625 for November and December, the same as other circuit judges throughout the state. If this section may be construed as in conflict with section 246, then the latter section must be held controlling.

(2) Having determined that appellant should be paid no more than $8,400 for his public services performed during the year 1951, the next question is whether or not the statutes fixing the compensation for the two offices held by him constitute further limitations. As commonwealth's attorney, under KRS 69.050 and 69.510, he was authorized to receive (in salary and fees) not to exceed $6,000. As circuit judge, under KRS 64.490, he was entitled to receive $7,500 (for a full year's service in this office). The amount he asks, of course, does not exceed this combined compensation.

■ The Commonwealth argues that section 246 of the Constitution, while being a limitation on the compensation of an officer, is not an authorization for him to receive that amount. With this we agree, as the section specifically provides that compensation shall be "fixed and provided for by law". Under KRS 64.490 the legislature fixed the compensation of circuit judges at $7,500 (subject to supplementary compensation not here involved). It is contended, and Chief Justice Cammack and Judge Sims take the view, that this legislative enactment implements the Constitution, and therefore appellant, whose highest ranking office was that of circuit judge, is limited to the $7,500 salary.

■ A different conclusion has been reached by the majority of the Court on the ground that since appellant held two different offices, KRS 64.490 is not controlling. This statute only affects the salary payable to a circuit judge. Appellant has not been paid and will not be paid more than $7,500, *as circuit judge*, if his claim is allowed. It may be noted that KRS 64.490 does not limit even a circuit judge to the $7,500 salary, as the following section, KRS 64.-500, specifically provides that it may be supplemented by the county. Therefore the statutes relating to circuit judges actually authorize compensation up to the $8,400 constitutional limit.

The amount paid to appellant as commonwealth's attorney has no relationship to his salary as circuit judge, from a statutory viewpoint. He held two distinct offices during the year, and the compensation of each is governed by two entirely unrelated statutes. It is difficult to discern how they could mutually restrict one another in the absence of any such provision made by the legislature.

When appellant was commonwealth's attorney his compensation was governed by KRS 69.050 and 69.510. He was lawfully paid under those statutes. His right to that compensation is not contested. When he stepped into the office of circuit judge, he assumed a completely new role and his compensation was otherwise provided for. Under KRS 64.490 he must be paid as any other circuit judge. As long as he receives no more than $7,500 for his circuit judge services, his compensation is authorized by law. What he was paid under other statutes for other services is immaterial.

It is the conclusion of the majority of the Court that appellant is entitled to receive, as the total aggregate compensation for all public services rendered during the year 1951, the unpaid salary for circuit judges not to exceed $8,400, and for that reason the lower court erroneously limited his compensation to $7,500.

The judgment is reversed for the entry of one consistent with this opinion.

COMBS, J., not sitting.