Harold B. TRAVIS, Property Valuation Administrator, Franklin County, Kentucky; Maurice P. Carpenter, Commissioner of Revenue, Commonwealth of Kentucky, Appellants,

v.

Charles LANDRUM, Jr., Elijah M. Hogge, Marvin Sternberg, Henry Meigs, Nelson D. Rodes, Frank V. Benton III and Joseph J. Leary, Appellees.

Court of Appeals of Kentucky.

Aug. 15, 1980.

Discretionary Review Denied Nov. 18, 1980.

William P. Sturm, Division of Legal Services, Dept. of Revenue, Frankfort, for appellants.

Joseph J. Leary, Frankfort, for appellees.

Before GUDGEL, REYNOLDS and VANCE, JJ.

VANCE, Judge.

The question is whether the Kentucky Bar Center Building located in Frankfort, Kentucky, is public property and therefore exempt from the levy of ad valorem taxes.

Section 170 of the Constitution of Kentucky exempts "public property used for public purposes" from taxation. Title to the Kentucky Bar Center Building is vested in appellees as trustees of the Kentucky Bar Association's Bar Center Headquarters. They were appointed as trustees pursuant to Rule 3.115 of the Rules of the Supreme Court which created the Board of Trustees and authorized the Board generally to construct and manage the Bar Center Headquarters.

The authority of the Supreme Court to promulgate Rule 3.115 is found in Section 116 of the Kentucky Constitution which provides:

The Supreme Court shall have power to prescribe rules governing its appellate

jurisdiction, rules for the appointment of commissioners and other court personnel, and rules of practice and procedure for the Court of Justice. The Supreme Court shall, by rule, govern admission to the bar and the discipline of members of the bar.

The regulation and supervision of the practice of law in our court system and the admission and discipline of members of the bar has long been a function of the judicial branch of government. The Kentucky Bar Association has been the agency through which the Supreme Court administers its supervision and discipline of the members of the bar.

In 1934 the General Assembly passed what was commonly known as the "Bar Act". (1934 Kentucky Acts, Chapter 3). It was codified as *Carroll's Kentucky Statutes*, Section 101-1, and later as KRS 30.170.

The "Bar Act" provided that the Court of Appeals shall adopt and promulgate rules:

(d) Organizing and governing a bar association of the attorneys of the state to act as an administrative agency of the Court of Appeals for the purpose of enforcing such rules as are adopted and promulgated by the Court under this section; providing for the government of the state bar as a *part of the judicial department of the state government*; and for such divisions thereof as the Court of Appeals determines; requiring all persons practicing law in this state to be members in good standing of the state bar; and fixing the form of its organization and operation. KRS 30.170 (Emphasis ours.)

The provision for the government of the state bar was thus designated by statute as a part of the judicial department of state government and the bar association was thus designated by statute as the agency of the judicial department to administer rules promulgated by the highest court.

The statute remained in effect until a constitutional amendment was passed in 1975 which granted to the Supreme Court the rule–making powers in this regard theretofore granted by the statutes.

We think it beyond dispute that the Kentucky Bar Association is an agency of the judicial branch of government and also beyond dispute that its functions are public purposes. A building owned by a trust created by the Supreme Court, pursuant to rule, for the purpose of providing a headquarters building for this agency of the judicial branch of government is on its face a public building.

The fact that funds for the construction of the building were raised by the Kentucky Bar Association trustees through donations from the public and through assessments of the members of the Kentucky Bar Association rather than through an appropriation of public monies does not render the property any less public in nature.

The appellant relies upon KRS 56.030 which provides in part:

The Commonwealth shall be named as the grantee of any land given or devised to the state, or partly or wholly paid for out of state funds, and of any land or interest in land conveyed to it or for its use or for the use of any of its agencies or officers.

Without question the title to the property in question is vested in the Board of Trustees created for that purpose by the Supreme Court. The Commonwealth of Kentucky is not specifically a named grantee. The fact that the Commonwealth of Kentucky is not a named grantee in the deed to the property does not prevent the property from being public property and does not deprive the property of a tax exempt status.

The tax exempt status of the property is the only question before us. Whether the Commonwealth has any right under KRS 56.030 to be named a grantee of this property and whether or not this statute infringes the doctrine of separation of powers are questions not before us and we do not undertake to express any opinion with regard to them.

We conclude that there is no genuine issue of fact and that appellees are entitled to judgment as a matter of law.

The judgment is affirmed.

All concur.