Sharon HALL, Kenneth D. Plance, Sr., Donald R. Strothman, Jr., Ray Adams, and Tom Riner, Appellants,

v.

HOUSING AUTHORITY OF LOUISVILLE; Louisville & Jefferson County Planning Commission, A Body Politic Consisting of: Jerome Hutchinson, Mrs. W.L. Lyons Brown, Martin Roach, Earl R. Brumley, Carroll Lurding, William B. Stansbury, and Addison Mitchell McConnell, Jr., Appellees.

Court of Appeals of Kentucky.

Aug. 12, 1983.

Discretionary Review Denied
Dec. 16, 1983.

Samuel Manly, Louisville, for appellants.

Richard H. Nash, Jr., Louisville, for Housing Authority.

Alex F. Talbott, Louisville, for Planning Commission.

Before COOPER, DUNN and HOWERTON, JJ.

HOWERTON, Judge.

The appellants are property owners in Jefferson County, Kentucky, who appeal from a summary judgment of the Jefferson Circuit Court holding that the Housing Authority of Louisville is not required to submit its plans for scattered-site, low-income housing to the Planning Commission for approval. The facts have been stipulated, and we are involved only with questions of law.

■ In 1980, the Housing Authority developed plans to build a series of low-income, scattered-site housing in several neighborhoods in Louisville. Each building would contain four to ten single-family dwelling units. Access to the apartments would be limited to the families living in them. There would be no public offices or public meeting rooms in any of the buildings. The selected site for each apartment project was properly zoned for multiple family dwellings. The trial court determined that the projects were not public structures or public facilities within the meaning of KRS 80.110 and that no prior approval by the Planning Commission was required. The trial court also unnecessarily determined that a portion of KRS 80.110 was unconstitutional as being special or local legislation. We affirm the trial court on its determination that the apartment complexes are not within the statutory meaning of public structures or public facilities, but we make no determination as to the constitutionality of the statute.

KRS 80.110 reads:

All low-cost housing projects are subject to the planning, zoning, sanitary and building laws, ordinances and regulations applicable to the locality in which the project is situated. In a city of the first class, the housing authority shall submit to the city planning and zoning commission the location, character and extent of any new street, square, park or other public way, ground or open space, or any *public structure* or public utility, for approval in the manner provided in KRS 100.197. (Emphasis added.)

The appellants argue that the second sentence of the statute requires approval of the site plans by the Planning Commission because housing projects are public structures. They also contend that the statute is constitutional. The appellees argue that housing projects are not public structures within the meaning of the statute and that, if they are public structures, the second sentence is nevertheless unconstitutional as

special legislation. We determine that the housing projects in question are not public structures within the meaning of the statute, and, although strong arguments may be made both ways on the constitutional question, it is not necessary that we decide the issue in order to resolve this conflict.

 Housing projects are public in the sense that they result from government aid and the work contemplated is of a public nature. *Spahn v. Stewart,* 268 Ky. 97, 103 S.W.2d 651 (1937). Public housing is also public in the sense that it serves a public purpose and has as its objective the promotion of public health, safety, morals and the general welfare of certain citizens. *City of Louisville v. German,* 286 Ky. 477, 150 S.W.2d 931 (1940). *See also, Webster v. City of Frankfort Housing Commission,* 293 Ky. 114, 168 S.W.2d 344 (1943). The Kentucky Bar Association's building in Frankfort is public in the sense that it is entitled to a tax exempt status. *Travis v. Landrum,* Ky.App., 607 S.W.2d 124 (1980). None of the cited cases, however, are particularly helpful in resolving the issue. What is to be considered a public building, public structure, or public facility must be viewed in terms of the context of the entire statute. *City of Bowling Green v. T & E Electrical Contractors, Inc.,* Ky., 602 S.W.2d 434 (1980). The use of the building, rather than its public or private ownership, is the relevant factor in determining the necessary involvement by the planning commission. We shall, therefore, consider the context of the relevant statutes.

The language of KRS 80.110 does not include dwellings of any type. The specific items are places and areas which are open to the general use, enjoyment, or access by the public. KRS 80.110 refers to KRS 100.-197, which provides the procedure for adoption of a comprehensive plan. KRS 100.187 controls the contents of the plans. KRS 100.187(4) provides in part that the comprehensive plan shall include a community facilities plan which must show the general location, character and the extent of public and semipublic buildings. The types of community facilities referred to in the subsection include parks, schools, libraries, churches, hospitals, utilities, fire and police stations, jails, or public offices and administrative facilities. Subsection (5) provides that the comprehensive plan may include additional elements such as housing.

 KRS 100.187(4) does not require the inclusion of housing in the comprehensive plan, but subsection (5) permits the inclusion. The contents and obvious purpose of KRS 100.187(4) is very similar to KRS 80.-110. There is a need for information, planning, and approval for large public uses of public or private property, and the location, character, and extent of such facilities are relevant considerations. Such considerations do not have the same relevance and need in relation to facilities used by families and relatively small numbers of individuals, however. Judge Revell noted in his judgment:

> The General Assembly apparently saw good reason to require the planning commission to have a voice in the location of such things as hospitals, police stations, etc., which engender considerable traffic and emergency vehicles during all hours of the night, but did not see such a need regarding public housing.

The appellants also allege that the trial court erred in failing to consider the first sentence of KRS 80.110, together with KRS 100.324(4). We find no error, but we find further support for affirming the judgment of the trial court in reading each of the cited statutes. The first sentence in KRS 80.110 merely requires that all low-cost housing projects be subject to planning, zoning, and building requirements in any locality. The stipulated facts indicate that these scattered-site projects comply with the existing zoning regulations, comprehensive plans and building regulations.

KRS 100.324(4) requires that a proposal for the acquisition of land for a public facility be referred to the planning commission for review in light of the proposal's agreement with the comprehensive plan. We come back to the same question, what is a "public facility?" KRS 100.111(19) reads:

"Public facility" means any use of land whether publicly or privately owned for transportation, utilities, or communications, or for the benefit of the general public, including, but not limited to libraries, streets, schools, fire or police stations, county buildings, municipal buildings, recreational centers including parks, and cemeteries.

Again, we are inescapably led to the conclusion that a scattered-site, publicly-owned, four-to-ten-unit apartment complex is not a "public facility" within the meaning of the statute. Housing is not mentioned. When we consider the context of the entire statutory scheme, we can only conclude that the proposed housing projects are exempt from review by the planning commission.

The judgment of the Jefferson Circuit Court is affirmed, except for the portion declaring the second sentence of KRS 80.-110 to be unconstitutional.

All concur.